UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL ANDERSON, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-311 (VAB) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW BRITAIN, et al., | : | |
| Defendants. | : | August 7, 2017 |
| | : | |

**INIITAL REVIEW ORDER**

Michael Anderson ("Plaintiff"), currently incarcerated at Enfield Correctional Institution in Enfield, Connecticut, filed this Complaint *pro se* under 42 U.S.C. § 1983. Mr. Anderson's Complaint was received on February 22, 2017, and his motion to proceed *in forma pauperis* was granted on May 10, 2017. Mr. Anderson has sued the City of New Britain and New Britain Police Officers Rejean Ouellette, Devin Saylor, and Officer Pergolizza ("Defendants"). Mr. Anderson asserts claims for malicious prosecution, false arrest and imprisonment and conspiracy.

I.   Standard of Review

Under 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" or "'naked assertion[s]' devoid of 'further factual enhancement'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to "construe a *pro se* complaint liberally," a pro se complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

II.     Factual Allegations

On May 5, 2014, Mr. Anderson stood near brick/concrete structures in the back parking lot of 40 Walnut Street in New Britain, Connecticut and looked for his friend. Compl., ECF No. 1 at ¶¶ 3. Instead of finding his friend, Mr. Anderson saw several men who he did not know sitting on the structures. *Id.* As Mr. Anderson walked away from the area, Officer Ouellette pulled up in his police vehicle and told Mr. Anderson to remain in the area. As he turned around, Mr. Anderson noticed Officers Saylor and Pergolizza approaching the area in an allegedly stealthy manner from different directions. *Id.* at ¶ 7. Officer Ouellette allegedly stated that the owner of the property did not want people "hanging around" the area. *Id.* at ¶ 9. However, there were no "No Loitering" signs posted and the property owner had not spoken to Mr.

2

Anderson or others about loitering. *Id.*

Mr. Anderson asked if he was under arrest. When the officers said no, he began to leave. *Id.* at Addendum, p. 1. Officer Ouellette then allegedly grabbed Mr. Anderson, handcuffed him, searched him, and placed him in the back of his vehicle. *Id.* Officer Ouellette spoke with the other men for about fifteen minutes and then allowed them to leave. *Id.* Officer Ouellette then removed Mr. Anderson from the vehicle and removed the handcuffs. Officer Ouellette gave Mr. Anderson a ticket for loitering and released him. *Id.* After the officers left, Mr. Anderson read the ticket. He was also accused of possession of marijuana. *Id.*

"These cases" were nolled. *Id.* Mr. Anderson alleges that he later learned that Officer Pergolizza submitted documentation to the court that the marijuana was destroyed the same day it was confiscated. *Id.* Mr. Anderson filed a section 1983 action regarding this matter in state court. Summary judgment was entered in favor of Defendants. *Id.* at 8. After consulting with his criminal attorney, Mr. Anderson surmises that he was arrested so that he would receive a harsher sentence the next month when he was sentenced following his guilty plea to attempted assault on a police officer. *Id.* at 8-9. Mr. Anderson also alleges that the officers wanted to expose him to a harsher sentence because he had filed a lawsuit against New Britain police officers, including Officer Saylor, in 2011. *Id.* at 9.[1]

III. Discussion

Mr. Anderson asserts claims for false arrest or imprisonment and malicious prosecution. To assert these claims under section 1983, Mr. Anderson must show that his Fourth Amendment

---

[1] Mr. Anderson includes other allegations relating to state judicial officers and others who are not defendants in this case and concerning matters that are not the subject of this action.

rights were violated and establish the elements of false arrest and malicious prosecution claims under state law. *See Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir.2010) (malicious prosecution); *Jaegly v. Couch*, 439 F.3d 149, 151–52 (2d Cir.2006) (false arrest)). Neither claim accrues until criminal proceedings are terminated in Mr. Anderson's favor. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (malicious prosecution); *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (false arrest). Mr. Anderson alleges that the charges were nolled and does not indicate that the nolle was conditional. Thus, he has alleged facts satisfying the favorable termination requirement.

To state a false arrest or false imprisonment claim, Mr. Anderson must allege that Defendants unlawfully restrained his physical liberty. *See Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir.), *cert. denied*, 522 U.S. 818 (2007) (stating that unlawful restraint is an essential element of false imprisonment and false arrest claims). Mr. Anderson alleges that Officer Ouellette handcuffed him and placed him in his police vehicle. Compl., ¶ 5. He also alleges that the actions of Officers Saylor and Pergolizza behaved "in a stealthy manner to insure apprehension and as if to prevent anyone, especially whomever they did not want to leave, from leaving the area." *Id.* at ¶ 8. These allegations are sufficient to state plausible claims for false arrest or imprisonment.

The state law elements of a claim for malicious prosecution are that the defendant initiated or continued criminal proceedings against the plaintiff, the proceedings terminated in plaintiff's favor, and the defendant acted without probable cause and with malice. *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009). Mr. Anderson alleges that Defendant Saylor

4

fabricated the statement about destroying the marijuana allegedly found on Mr. Anderson solely to ensure his prosecution on that charge. Compl., p. 14. This is sufficient to state a plausible claim for malicious prosecution.

Finally, Mr. Anderson alleges that Defendants conspired to accomplish these actions and ensure his prosecution in retaliation for filing a lawsuit against, *inter alia,* Officer Saylor. *Id.* at p. 3. Because of these allegations, Mr. Anderson's conspiracy and retaliation claims must proceed as well.

Mr. Anderson also includes the City of New Britain ("New Britain") as a Defendant. He alleges that New Britain failed to train and supervise the officers, hired them without proper screening, and disregarded reports and police records of improper conduct. Compl., p.11. Municipalities may be sued directly under Section 1983, if the rights of a private citizen are violated under a policy, custom, ordinance, regulation, or decision of the municipality. *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). To establish municipal liability, Mr. Anderson must demonstrate a "causal link between an official policy or custom and [his] injury." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). He must show that his rights were violated as the result of a municipal policy, a municipal custom or practice, or a decision of a municipal policymaker with final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 127 (1988).

In order for municipal liability to attach under Section 1983, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citing City of Canton, 489 U.S. at 388). "Only where a failure to train

reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under [Section] 1983." *City of Canton*, 489 U.S. at 389. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997).

Without evidence of a pattern of similar violations to provide "notice that a course of training is deficient in a particular respect, decision-makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62. In a "narrow range of circumstances," however, "a plaintiff might succeed in carrying a failure-to-train claim without showing a pattern of constitutional violations" where "a violation of federal rights [is] a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Bryan Cty.*, 520 U.S. at 409; *see also id.* ("The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice—namely, a violation of a specific constitutional or statutory right.").

Mr. Anderson alleges that the New Britain ignored repeated violations of his rights by Defendant officers, hired police officers without proper screening, "allowed unfit officers to patrol the streets of New Britain," and "knowingly disregard[ed] reports and police records that showed that these officers have arrested and filed reports against others without the legal grounds to do so." Compl., p. 11. In addition, he alleges that the City allowed Defendants to falsely

6

arrest him and plant evidence on his person and later destroy it, describing a set of events that could be a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Bryan Cty.*, 520 U.S. at 409.

While courts have dismissed failure to train claims that rest on conclusory allegations or allege only few occurrences in which the municipality was put on notice, Mr. Anderson's specific—if limited—allegations save his claim from dismissal. *See, e.g. Beckford v. City of New Haven*, 2011 WL 6153182 (D.Conn. Dec.12, 2011)(VLB) (dismissing Plaintiff's failure to train claim where Plaintiff failed to raise specific facts to demonstrate that the city had actual or constructive notice of systematic excessive force violations, and instead alleged that the city "failed to enforce" the relevant laws pertaining to use of force, "creating an atmosphere of lawlessness"); *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 538–39 (S.D.N.Y. 2012) (dismissing failure to train and supervise claims when the plaintiff "claim[ed] that incidents of police abuse have been 'covered up by [the Town],' and that there is 'vast evidence of wrongdoing by [Town police] officers,'" but otherwise "allege[d] not one single example to support these assertions."); *Santos v. New York City*, 847 F.Supp.2d 573, 577 (S.D.N.Y.2012) (motion to dismiss granted "[b]ecause the existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory assertions of the plaintiff"); *Stengel v. City of Hartford*, 652. F.Supp. 572, 575 (D.Conn.1987) (dismissing count predicated on existence of custom or policy condoning and authorizing application of excessive force where Plaintiffs alleged that complaints had been filed with police department against officer on two prior occasions but no disciplinary action was taken).

As the Second Circuit has observed, "[i]t is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 n. 10 (2d Cir.2004). While this does not relieve § 1983 plaintiffs of their obligation to plead a facially plausible claim, it does put Mr. Anderson's allegations in context. His claims, when read in the light most favorable to Mr. Anderson, indicate a "pattern of similar constitutional violations by untrained [municipal] employees," *Connick v. Thompson*, 563 U.S. at 62, and state a claim for failure to train.

IV.     Motion for Injunctive Relief

Mr. Anderson has filed a motion for injunctive relief that includes two case numbers and lists no defendants in this case in the caption. The Court assumes that Mr. Anderson intended to file the motion in *Anderson v. Semple*, No. 3:17-cv-312 (VAB), not in this case. Accordingly, the motion is denied as moot.

V.      Motion for Appointment of Counsel

Mr. Anderson has filed a motion for appointment of *pro bono* counsel in this case under 28 U.S.C. § 1915. In his description of the nature of his claim, however, he describes a claim that is unrelated to the allegations in this case. The Court concludes that Mr. Anderson intended to file this motion in *Anderson v. Semple*, No. 3:17-cv-312 (VAB), not in this case. Accordingly, his motion is denied as moot.

VII.    Motion for Copies

Mr. Anderson seeks a copy of his Complaint. He states that he filed two actions on the same day and has no record of which case number is associated with which case. Pl. Mot. For

Copies at 2. Mr. Anderson is required to file all documents with the Court using the Prisoner e-filing Program. By e-filing, prisoners are better able to retain the original copies of their documents.

Mr. Anderson is aware of this requirement, as he includes information from the Standing Order on the Prisoner e-filing Program in his certificate of service on this motion. Despite his knowledge, he failed to comply with the requirement.

The Court will grant Mr. Anderson's motion with regard to the Complaint only. Mr. Anderson is henceforth on notice that he must file all documents with the Court using the Prisoner e-filing Program. The Court will not provide copies of documents to him in the future if he ignores this Order of the Court.

**ORDERS**

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The claim against the City of New Britain for failure to train is **DISMISSED** under 28 U.S.C. § 1915A(b)(1). The case will proceed on all other claims against Defendants.

(2) The Clerk of the Court is directed to prepare waiver of service of summons packets for Defendants Ouellette, Saylor and Pergolizza in their individual capacities and mail the packets to these defendants at the New Britain Police Department, 125 Columbus Boulevard, New Britain, CT 06051, within **twenty-one (21) days** from the date of this Order. The Clerk of the Court shall report to the court on the status of that waiver request on the **thirty-fifth (35) day** after mailing. If any Defendant fails to return the waiver request, the Clerk of the Court shall make arrangements for in-person service by the U.S. Marshals Service on that Defendant in his individual capacity and the defendant shall be required to pay the costs of such service in

accordance with Federal Rule of Civil Procedure 4(d).

(3)     The **Clerk of the Court shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on Defendants City of New Britain and New Britain Police Officers Ouellette, Saylor and Pergolizza in their official capacities, in care of the New Britain Town & City Clerk, 27 West Main Street, New Britain, CT 06051, within **twenty-one (21) days** from the date of this order and to file a return of service within **thirty (30) days** from the date of this order.

(4)     Defendants shall file their response to the Complaint, either an Answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an Answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7)     Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If the Mr. Anderson changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that Mr. Anderson MUST notify the court. Failure to

do so can result in the dismissal of the case. Mr. Anderson must give notice of a new address even if he is incarcerated. Mr. Anderson should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Anderson has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Mr. Anderson should also notify Defendants or the attorneys for Defendants of his new address.

(9) Mr. Anderson shall use the Prisoner e-filing Program when filing any documents with the court.

(10) Mr. Anderson's motions for injunctive relief [**ECF No. 7**] and appointment of counsel [**ECF No. 10**] are **DENIED** as moot.

(11) Mr. Anderson's motion for copies [**ECF No. 8**] is **GRANTED** to the extent that the Clerk is directed to send Mr. Anderson a copy of his Complaint with this Order.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of August 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge